STEPHEN YAGMAN
475 Washington Boulevard
Venice Beach, California 90292-5287
(310) 452-3200

Presented on behalf of
Stephen Yagman

**ORIGINAL**

FILED
CLERK, U.S. DISTRICT COURT
SEP 2 8 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| STEPHEN YAGMAN, | CV15-07586-AB (KLSx) |
| Petitioner, | |
| | PETITION |
| v. | (28 U.S.C. § 1651(a)) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

    Petitioner, Stephen Yagman, petitions pursuant to 28 U.S.C. § 1651(a), the All Writs Act, for a writ adjudging and declaring that his criminal convictions be vacated, and makes the following allegations in support of his petition:

//
//
//
//
//

PAID
SEP 28 2015
Clerk, US District Court
COURT 4612

1

## JURISDICTION

1. A more, usual remedy is not available for the relief sought.

2. The convictions were attacked earlier, and reasons exist for not attacking the convictions earlier.

3. There are adverse consequences from the convictions sufficient to satisfy the case or controversy requirement of Article III of the United States Constitution.

4. The errors alleged are of the most fundamental character.

5. The issues that properly could be raised at trial were raised at trial.

6. The issues that properly could be raised on appeal were raised on appeal.

7. The issues that properly could be raised on a § 2255 habeas petition were raised on habeas.

8. An order voiding the judgments of conviction is sought.

9. Therefore, this court has jurisdiction of the instant petition, pursuant to 28 U.S.C. § 1651(a).

10.-99. Reserved.

## GENERAL ALLEGATIONS

100. There are errors of both fact and of law.

101. Those errors of fact and of law affect the validity and regularity of the judgments of conviction.

102. The convictions are in violation of the Constitution and laws of the United States and petitioner is entitled to a writ to correct those violations.

103. A writ is required to achieve justice.

104. Should a writ not be issued, then wrongs would stand uncorrected.

105. The results of petitioner's convictions persist, in that petitioner is barred from practicing his legal profession, is required to continue to pay costs of prosecution, any subsequent conviction may carry a heavier penalty, petitioner is barred from possessing a gun, and petitioner's civil rights adversely are affected.

1  and therefore, petitioner is entitled to an unfettered opportunity to attempt to show
2  that his convictions were invalid.

3      106. But for the fundamental errors committed and alleged hereinbelow,
4  petitioner would have obtained a more favorable judgment.

5      107.-199. Reserved.

## SPECIFIC ALLEGATTIONS

7      150. As matters of both fact and law, there was no proceeding in petitioner's
8  bankruptcy case, as the term proceeding properly is defined and understood in
9  bankruptcy practice.

10     151. A bankruptcy proceeding is an element of the offense under 18 U.S.C.
11 § 157.

12     152. Because there was no proceeding, as a matter of fact and law, in
13 petitioner's bankruptcy case, and because a bankruptcy proceeding is a legal
14 element of § 157, therefore there was no factual or legal basis for petitioner's
15 conviction under § 157.

16     153. Petitioner could not legally be convicted under § 157 because there
17 was no bankruptcy proceeding.

18     154. The proceeding issue was the most important issue to be appealed by
19 petitioner, and petitioner expressed that to his appellate counsel.

20     155. Petitioner and his legal counsel agreed that that issue would be raised
21 on appeal.

22     156. Petitioner drafted the part of the opening appellate brief on the
23 proceeding issue, and mailed it to appellate counsel.

24     157. Petitioner got no response from appellate counsel on this matter.

25     158.-199. Reserved.

26     200. The legal representation of petitioner on his direct appeal fell below an
27 objective standard of reasonableness.

28

201. That representation fell below that standard for at least the following reasons:

202. Petitioner requested, and his appellate counsel agreed, that the two would consult with respect to the issues to be raised on appeal and on the opening and reply briefs on appeal;

203. Appellate counsel did not consult with petitioner with respect to the issues;

204. Appellate counsel agreed with petitioner's request that petitioner be provided with the final copy of the opening brief on appeal in sufficient time before the brief would need to be filed, so that petitioner could approve or disapprove of the brief;

205. Appellate counsel never, at any time, provided petitioner with the brief, and filed it without petitioner having seen it;

206. Petitioner had instructed appellate counsel to include as an issue on appeal the issue raised by pretrial motion that as matters of both fact and law petitioner could not have been convicted legally under 18 U.S.C. § 1957, because as matters of both fact and law there never had been any proceeding in petitioner's bankruptcy case, and petitioner had written the section of the opening brief to be used on this issue and provided it to appellate counsel, but appellate counsel ignored this issue and did not raise it on appeal. This conduct of appellate counsel fell below an objective standard of reasonableness as indicated by prevailing professional norms and petitioner suffered prejudice as a result of this: the issue was not raised on direct appeal, the conviction was upheld, the issue was raised on the § 2255 motion, but was held to be procedurally defaulted, the issue was raised on permissive appeal from the § 2255 denial, but both the district court and the appeals court refused to issue a certificate of appealability, so that the issue never was fully, fairly, or finally adjudicated on its merits;

207. As a direct result of this, petitioner's § 157 conviction stands;

208. As a result of this, appellate counsel actively misled petitioner on an important matter related to petitioner's criminal prosecution and therefore was ineffective in his representation of petitioner.

209. The proceeding issue is a most fundamental error because petitioner was convicted of a crime under § 157 without one, significant element of that crime having been proved, and thus, because of both factual and legal errors, petitioner suffered a baseless and fundamentally erroneous conviction.

210. Petitioner, who was imprisoned nearly three thousand miles away from his appellate counsel and who was unable to reach appellate counsel by telephone, did everything he physically could do to attack his conviction on the proceeding ground earlier but was completely stymied in that effort.

211. Petitioner was prevented from raising the proceeding issue by his ineffective appellate counsel, who prevented petitioner from raising the issue on direct appeal, and petitioner raised the issue in his § 2255 motion at the first moment he had the ability to do that.

212. Petitioner could not raised the proceeding issue on direct appeal because his appellate counsel made that impossible.

213. In effect, appellate counsel improperly advised petitioner not to pursue his proceeding issue on appeal.

214. Appellate counsel's decision not to raise the proceeding issue on appeal was not the product of reasonable professional judgment but instead was the product of sloth and distraction, as during the three months before the opening brief was filed in mid-September 2008 and until it was filed, appellate counsel was fully engaged in physically moving both his family, his home and his legal professorship from North Carolina to Irvine, California, and setting up a new law school, and as a result of this did not have adequate time to devote to petitioner's appeal, and neglected petitioner's appeal.

215. Thus, petitioner had sound reasons for not raising the proceeding issue before the post-trial time at which he raised that issue.

216. After the district court pretrial ruled that a bankruptcy case and a bankruptcy proceeding legally were the same, the law on this issue changed, so that a bankruptcy case and a bankruptcy proceeding for the first time in the Ninth Circuit, and at the Supreme Court, authoritatively were held to be legally different things, so that there was no bankruptcy proceeding with respect to petitioner.

217. There is a legitimate explanation for any contention that the proceeding issue was not previously raised.

218. The evidence at trial as to the § 157 offense so predominated over evidence as to any other charges so that the conviction under § 157 overpowered, predominated over, and improperly influenced the convictions of the other charges.

219.-299. Reserved.

300. The jury was not adequately instructed and improperly was instructed based on *United States v. Milwitt* because the instruction did not instruct the jury that it needed to find an element of that offense -- a fraudulent scheme outside the bankruptcy. *Milwitt*'s holding that there be a scheme outside the bankruptcy was not dictum.

301. There were not factual or legal bases for the money laundering counts because, *inter alia*, petitioner did engage in any monetary transaction using money that he should have disclosed to the bankruptcy trustee.

302. The cumulative effect of the proceeding error, the *Milwitt* error, and the money laundering error infected the jury's deliberations on the bankruptcy fraud and money laundering counts (which are based on bankruptcy fraud), and the vast majority of the evidence adduced at trial concerned 18 of the 19 counts charged and 13 of the 14 counts on which the convictions stood, so that these

errors had a prejudicial, spill-over effect on the tax charge, and for these reasons caused cumulative error.

303. Petitioner was vindictively prosecuted because of his historical and long-standing, aggressive civil rights advocacy, which made petitioner universally reviled and despised by members of the law enforcement community, and petitioner's prosecution was motivated by "vindictiveness toward him on the part of investigating agents and members of the United States Attorney's Office.

**Wherefore**, petitioner requests that this court issue a writ, pursuant to the All Writs Act, 28 U.S.C. § 1651, vacating petitioner's convictions for tax evasion, bankruptcy fraud, and money laundering award costs to petitioner, and for such other relief that may be just and proper.

By: /s/ Stephen Yagman
STEPHEN YAGMAN

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAYNTIFFS** ( Check box if you are representing yourself [X] )
STEPHEN YAGMAN
475 WASHINGTON BOULEVARD
VENICE BEACH, CA 90292-5287

**DEFENDANTS** ( Check box if you are representing yourself [ ] )
UNITED STATES OF AMERICA

**(b) County of Residence of First Listed Plaintiff** LOS ANGELES
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant LOS ANGELES
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

475 WASHINGTON BOULEVARD
VENICE BEACH, CA 90292-5287, (301)452-3200

Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

[ ] 1. U.S. Government Plaintiff
[X] 2. U.S. Government Defendant
[ ] 3. Federal Question (U.S. Government Not a Party)
[ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

[X] 1. Original Proceeding
[ ] 2. Removed from State Court
[ ] 3. Remanded from Appellate Court
[ ] 4. Reinstated or Reopened
[ ] 5. Transferred from Another District (Specify)
[ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No   [ ] **MONEY DEMANDED IN COMPLAINT:** $ 0

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1651 (ALL WRITS ACT)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 400 State Reapportionment | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 410 Antitrust | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 450 Commerce/ICC Rates/Etc. | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 310 Airplane | [ ] 370 Other Fraud | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 460 Deportation | | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 151 Medicare Act | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [X] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 480 Consumer Credit | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [ ] 490 Cable/Sat TV | | | **BANKRUPTCY** | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 850 Securities/Commodities/Exchange | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 340 Marine | [ ] 422 Appeal 28 USC 158 | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 890 Other Statutory Actions | [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 891 Agricultural Acts | | [ ] 350 Motor Vehicle | **CIVIL RIGHTS** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 893 Environmental Matters | [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 440 Other Civil Rights | [ ] 690 Other | |
| [ ] 895 Freedom of Info. Act | [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 441 Voting | **LABOR** | |
| [ ] 896 Arbitration | [ ] 196 Franchise | [ ] 362 Personal Injury-Med Malpratice | [ ] 442 Employment | [ ] 710 Fair Labor Standards Act | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | [ ] 365 Personal Injury-Product Liability | [ ] 443 Housing/Accommodations | [ ] 720 Labor/Mgmt. Relations | |
| | [ ] 210 Land Condemnation | [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 740 Railway Labor Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 220 Foreclosure | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 446 American with Disabilities-Other | [ ] 751 Family and Medical Leave Act | |
| | [ ] 230 Rent Lease & Ejectment | | [ ] 448 Education | [ ] 790 Other Labor Litigation | |
| | | | | [ ] 791 Employee Ret. Inc. Security Act | |

CV15-07586

**FOR OFFICE USE ONLY:** Case Number:

CV-71 (10/14)                    CIVIL COVER SHEET                    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☒ Yes  ☐ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☒ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A?<br>☐ Yes  ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes  ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

CV-71 (10/14)                                CIVIL COVER SHEET                                Page 2 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**  ☒ NO  ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**  ☐ NO  ☒ YES

If yes, list case number(s):   POSSIBLY, CR-06-227-SVW

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**  /S/ STEPHEN YAGMAN    DATE: 09/10/15

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |